UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JUAN M. BARRERA,            )
                            )
        Plaintiff,          )   Case No. 6:12-cv-01631-CL
                            )
    v.                      )   REPORT AND RECOMMENDATION
                            )
CAROLYN L. COLVIN,[1]       )
Commissioner of Social Security, )
                            )
        Defendant.          )
_____)

Max Rae, P.O. Box 7790, Salem, OR 97303. Attorney for Plaintiff.


S. Amanda Marshall, United States Attorney, and Adrian L. Brown, Assistant United States Attorney, United States Attorney's Office, District of Oregon, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204-2902; Benjamin J. Groebner, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104-7075. Attorneys for Defendant.

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as Defendant in this case. No further action need be taken to continue this case by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405.

**MARK D. CLARKE, Magistrate Judge**.

Plaintiff Juan Barrera ("plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his applications for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") under Titles II and XVI of the Social Security Act. This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c). For the reasons discussed below, the Commissioner's decision should be REVERSED and REMANDED for further proceedings consistent with this Recommendation.

## BACKGROUND

Born in 1967, plaintiff was 41 years old on the alleged disability onset date of April 2, 2008. Tr. 16, 172. Plaintiff attended two years of college and has past work experience as a resin compounder or resin mixer; warehouse worker or palletizer; donut maker; kitchen helper; and sales clerk/food deli manager. Tr. 46-47, 178, 181.

Plaintiff filed applications for DIB and SSI on October 21, 2008, alleging disability due to seizures, mood disorder, back injury, and depression. Tr. 60, 168, 172. The Commissioner denied plaintiff's application initially and upon reconsideration, and he requested a hearing before an Administrative Law Judge ("ALJ"). Tr. 10-52, 57-70, 83-92, 96-102. In a decision dated September 29, 2010, ALJ Rudolph Murgo found plaintiff not to be disabled. Tr. 60-70. Plaintiff's subsequent request for review was denied by the Appeals Council, making the ALJ's decision the final Agency decision. Tr. 76-79. Plaintiff now seeks judicial review of that decision.

## DISABILITY ANALYSIS

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42

Page 2 – REPORT AND RECOMMENDATION

U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. § 404.1520 (DIB); 20 C.F.R. § 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510; 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). Unless expected to result in death, an impairment is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a); 416.921(a). This impairment must have lasted or must be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509; 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis proceeds beyond step three. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e); 404.1545(b)-(c); 416.920(e); 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

> 4.  Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.
>
> 5.  Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v); 404.1560(c); 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari,* 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel,* 180 F.3d 1094, 1100 (9th Cir. 1999); *Yuckert,* 482 U.S. at 140-41. The Commissioner bears the burden of proof at step five. *Tackett,* 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566; 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante,* 262 F.3d at 953-54; *Tackett,* 180 F.3d at 1099.

## THE ALJ'S FINDINGS

The ALJ performed the sequential analysis. At step one, he found that plaintiff had not engaged in substantial gainful activity since his alleged on set date of April 2, 2008. Tr. 62. At step two, the ALJ found that plaintiff had the following severe impairments: substance abuse, affective disorder, seizure disorder, and obesity. *Id.* At step three, the ALJ found that plaintiff

Page 4 – REPORT AND RECOMMENDATION

did not have an impairment or combination of impairments that met or medically equaled a listed impairment. Tr. 63.

The ALJ next assessed plaintiff's residual functional capacity ("RFC") and determined that plaintiff could perform less than the full range of medium work, with the following limitations: he can lift 25 pounds frequently and 50 pounds occasionally; he can sit, stand or walk for 6 hours in an 8-hour day; he can climb ramps and stairs occasionally; he cannot climb ladders, ropes, or scaffolds; he should avoid concentrated exposure to dust, fumes, odors, and gases; he should avoid even moderate exposure to hazards, machinery, and heights; he should have no contact with the public; he can engage in limited teamwork and have limited contact with coworkers; and he can perform simple, 1 to 2 step tasks. Tr. 64. At step four, the ALJ found plaintiff was not capable of performing any of his past relevant work. Tr. 68. At step five, the ALJ found that plaintiff retains the RFC to perform jobs existing in significant numbers in the national economy, including garment sorter, eyeglass frame polisher, and laundry sorter. Tr. 69. The ALJ thus concluded that plaintiff is not disabled. *Id.*

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this court may not substitute its judgment for that of the Commissioner. *Burch v. Barnhart,* 400 F.3d 676, 679 (9th Cir. 2005). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). The reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Orn,* 495 F.3d at 630; *see also Bray,* 554 F.3d at 1226-26 (citing *SEC v. Chenery Corp.,* 332 U.S. 194, 196 (1947)).

## ANALYSIS

Plaintiff challenges the ALJ's decision, claiming that he erred by: (1) failing to properly consider his personality disorder diagnosis; (2) improperly rejecting lay witness testimony; (3) improperly rejecting his subjective symptom testimony; (4) failing to formulate a correct RFC; and (5) failing at step five to identify jobs that he could perform. Because the ALJ failed to properly consider plaintiff's personality disorder, the ALJ's decision should be reversed and remanded for further proceedings consistent with this Report and Recommendation.

### I.     Plaintiff's Personality Disorder

Plaintiff argues that the ALJ erred by failing to properly consider his personality disorder. On May 26, 2009, plaintiff underwent comprehensive neuropsychological and personality testing. Tr. 471-84. The examining physician, Dr. Donald Lange, Ph.D., diagnosed dysthymic disorder, cognitive disorder NOS, polysubstance abuse, mixed personality disorder with

borderline traits, and a history of seizure disorder. Tr. 480. Dr. Lange noted that during testing plaintiff "may have endorsed more problems and symptoms than would be determined by an objective review," and assessed only mild limitations in concentration, cognitive abilities, and communication. Tr. 476, 481-83. The ALJ gave "significant weight" to Dr. Lange's opinion, but failed to mention the diagnosis of personality disorder anywhere in his written decision. *See* Tr. 68. The ALJ thus did not perform the psychiatric review technique ("PRT") for plaintiff's personality disorder as required by 20 C.F.R. § 404.1520a.

20 C.F.R. § 404.1520a outlines the technique the Commissioner must use to evaluate mental impairments. The Ninth Circuit has held that this Regulation requires the ALJ to complete a PRT Form and append it to his decision, or to incorporate the PRT mode of analysis into his findings and conclusions. *Keyser*, 648 F.3d at 726 (reversing the ALJ's decision where it did not document the ALJ's application of the technique and did not include a specific finding as to the degree of limitation in any of the four functional areas). 20 C.F.R. § 404.1520a requires that the Commissioner rate the degree of functional limitation resulting from each medically determinable impairment. *Id.* at (b)(2). There are four functional areas listed in the "Paragraph B criteria" of each entry in the Commissioner's section of mental disorders; the Regulations require the ALJ to make a finding for each area.[2] While the ALJ is not required to document the

---

[2] "When we rate the degree of limitation in the first three functional areas (activities of daily living; social functioning; and concentration, persistence, or pace), we will use the following five-point scale: None, mild, moderate, marked, and extreme. When we rate the degree of limitation in the fourth functional area (episodes of decompensation), we will use the following four-point scale: None, one or two, three, four or more. The last point on each scale represents a degree of limitation that is incompatible with the ability to do any gainful activity." 20 C.F.R. § 404.1520a(c)(4). If the ALJ rates "the degree of [the claimant's] limitation in the first three functional areas as 'none' or 'mild' and 'none' in the fourth area, we will generally conclude that [the claimant's impairment(s) is not severe, unless the evidence otherwise indicates that there is more than a minimal limitation in your ability to do basic work activities[.]" *Id.* at § 404.1520a(d)(1).

Page 7 – REPORT AND RECOMMENDATION

considerations underlying the findings in each of the four functional areas, he must state his findings as to the four functional areas. C.F.R. § 404.1520a(e); see *Keyser*, 648 F.3d at 726.

Here, the ALJ found that plaintiff had the severe mental impairment of affective disorder and performed the PRT, considering each of the four functional areas of the Paragraph B criteria of Listing 12.04 (affective disorders) as required by 20 C.F.R. § 404.1520a. Tr. 62-64. The ALJ, however, did not perform the PRT for plaintiff's personality disorder or discuss the Paragraph B criteria under Listing 12.08 (personality disorders). *See* Tr. 64. The ALJ thus did not properly apply the special psychiatric review technique to plaintiff's personality disorder diagnosis and its associated limitations, including "pertinent symptoms, signs, and laboratory findings," as required by 20 C.F.R. § 404.1520a(b)(1). This was error. *See Keyser,* 648 F.3d at 726-27.

An ALJ's failure to comply with 20 C.F.R. § 404.1520a is not harmless if the claimant has a "colorable claim of mental impairment." *Gutierrez v. Apfel*, 199 F.3d 1048, 1051 (9th Cir. 2000) (superseded on other grounds). The record demonstrates that plaintiff has made such a claim. As noted, plaintiff's personality disorder was documented by objective testing in the record and resulted in functional limitations enumerated by Dr. Lange, who assessed limitations including psychophysiological stress reactions, vegetative signs that diminish drive and energy, short temper, paranoia, anger, and low motivation that may promote poor job performance. Tr. 476-77, 481. Thus the ALJ's failure to follow 20 C.F.R. § 404.1520a was not harmless because plaintiff has demonstrated a colorable claim of mental impairment.[3] *Keyser,* 648 F.3d at 727.

---

[3] Like the claimant in *Gutierrez,* plaintiff's alleged mental impairments are central to his disability claim and thus this Recommendation is consistent with cases holding that failure to perform the PRT does not require reversal where there is no viable claim of mental impairment. *Gutierrez,* 199 F.3d at 1051; *Fountain v. Railroad Retirement Bd.,* 88 F.3d 528, 532 (9th Cir.

Page 8 – REPORT AND RECOMMENDATION

On this record, reversal of the ALJ's decision is appropriate, and the court need not consider plaintiff's further allegations of error.

## II.  Remand

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000), *cert. denied*, 531 U.S. 1038 (2000). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Strauss v. Comm'r of Soc. Sec. Admin.*, 635 F.3d 1135, 1138-39 (9th Cir. 2011), quoting *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). The court may not award benefits punitively and must conduct a "credit-as-true" analysis to determine if a claimant is disabled under the Act. *Id.* at 1138.

Under the "crediting as true" doctrine, evidence should be credited and an immediate award of benefits directed where "(1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." *Id.* The "crediting as true" doctrine is not a mandatory rule in the Ninth Circuit, but leaves the court flexibility in determining whether to enter an award of benefits upon reversing the Commissioner's decision. *Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003), citing *Bunnell v. Sullivan*, 947 F.2d 341, 348 (9th Cir. 1991). The reviewing court declines to credit testimony when outstanding issues remain. *Luna v. Astrue*, 623 F.3d 1032, 1035 (9th Cir. 2010).

---

1996) (claim based primarily on a back injury and liver disorder); *Riffe v. Shalala*, 1994 WL 564656, at *6 (N. D. Cal. 1994) (claim based on arthritis and leg pain).

Page 9 – REPORT AND RECOMMENDATION

As discussed above, the ALJ erred by failing to analyze plaintiff's personality disorder using the psychiatric review technique. The court finds, however, that outstanding issues must be resolved before a determination of disability can be made, and on this record it is not clear that the ALJ would be required to find plaintiff disabled even if this error were corrected. As noted, Dr. Lange assessed only mild functional limitations associated with plaintiff's mental disorders. Thus, even if Dr. Lange's opinion is credited as true, a remand for the immediate payment of benefits is not appropriate.

On remand, the ALJ should consider all four functional areas in the psychiatric review technique with respect to plaintiff's personality disorder. The ALJ must also consider plaintiff's personality disorder diagnosis when formulating the RFC, even if he does not find plaintiff's personality disorder to be a severe impairment. The social security regulations require the ALJ to "consider all of [the claimant's] medically determinable impairments of which [the ALJ is] aware, including [the claimant's] medically determinable impairments that are not 'severe'" when formulating a claimant's RFC. 20 C.F.R. § 404.1545(a)(2); *see also* SSR 96–8p ("While a 'not severe' impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may—when considered with limitations or restrictions due to other impairments—be critical to the outcome of a claim."); *Carmickle v. Comm'r*, 533 F.3d 1155, 1164 (9th Cir. 2008) (the "ALJ is required to consider all of the limitations imposed by the claimant's impairments, even those that are not severe").

At step five, based on the testimony of a vocational expert ("VE"), the ALJ determined that plaintiff could perform medium exertion level jobs that exist in significant numbers in the national economy, including medium unskilled work as a garment sorter, eyeglass frame polisher, and laundry sorter. Tr. 69. However, the ALJ omitted the interpersonal limitations

assessed by Dr. Lange from his RFC and from his hypothetical question to the VE. These limitations may be inconsistent with the jobs identified by the VE and adopted by the ALJ at step five. On this record, it is unknown what work plaintiff can perform within the limitations imposed by his personality disorder. Therefore, further proceedings are required for the ALJ to revise the RFC and, if necessary, take new testimony from a VE and make a determination at step five.

## RECOMMENDATION

The ALJ erred by failing to properly consider plaintiff's personality disorder when performing the Psychiatric Review Technique as required by the Commissioner's Regulations. Thus, the ALJ's decision should be REVERSED and REMANDED for further proceedings consistent with this Recommendation.

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure Rule 4(a)(1) should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. Objections to this Report and Recommendation, if any, are due no later than fourteen (14) days from today's date. If objections are filed, any response is due fourteen (14) days from the date of the objections. *See* Fed. R. Civ. P. 72, 6. Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED this ___ day of November, 2013

Mark D. Clarke
United States Magistrate Judge